UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF  )<br>THE UNITED STATES OF AMERICA FOR A  )<br>CRIMINAL COMPLAINT FOR ORISTEL  )<br>SOTO-PEGUERO AND LUIS GUZMAN  )<br>)<br>) | CASE NO.   15-MJ-6037-MPK<br>15-MJ-6038-MPK<br><br>~~FILED UNDER SEAL~~ |

## AFFIDAVIT OF CARL RIDEOUT

I, Carl Rideout, Special Agent with the U.S. Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

### Background

1. I am a Special Agent with the DEA assigned to Massachusetts. As a Special Agent, I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been a Special Agent with the DEA since November 1999. I am currently assigned to the New Bedford, Massachusetts, Resident Office of the New England Field Division. I have a Bachelor of Science degree in Criminal Justice from Northeastern University. During my employment with the DEA, I have participated in numerous investigations relating to the distribution of controlled substances, including heroin, cocaine, marijuana, ecstasy, illegal prescription drugs and other substances in violation of the federal anti-drug laws. I have participated in numerous other investigations in different capacities, such as monitoring wiretapped conversations, conducting physical surveillance, executing search and arrest warrants, and employing other investigative methods. Those investigations have resulted in arrests and convictions for violations of the drug laws, the seizure of drugs and firearms, and

the forfeiture of money and property. I have received training in the field of narcotics enforcement, investigations, and apprehension of narcotics offenders from the DEA Basic Academy in Quantico, Virginia.

3. This affidavit is being submitted for the limited purpose of seeking a criminal complaint against. Oristel SOTO-PEGUERO and Luis GUZMAN I have not set forth each and every fact learned during the course of this investigation, only those facts and circumstances necessary to form the basis for the issuance a criminal complaint.

4. Probable cause exists to believe that on July 6, 2015, SOTO-PEGUERO and GUZMAN possessed more than 1 kilogram of heroin with the intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

5. On the evening of July 6, 2015, at approximately 9:30 p.m., law enforcement officers conducted surveillance at 632 Norwest Lane, Norwood, MA and observed Mercedes CABRAL walk to and enter a Hyundai bearing Massachusetts Registration plate 1HF476 ("the Hyundai;" a records check showed the vehicle was a rental from Enterprise Rental) which was parked in the parking lot of the apartment complex. She departed the area. Surveillance officers followed as she traveled from Norwood to Route 24 South and exited onto Route 44 westbound in Raynham. At that time, officers pulled her over and approached the vehicle. Massachusetts Registry of Motor Vehicle records revealed CABRAL had a suspended driver's license. Officers asked her to step out of the vehicle. As she did, officers observed on the seat of the vehicle a large pocketbook and, in plain view within the pocketbook, a large block shaped item wrapped in green cellophane. Officers recognized the packaging and shape of the block to be likely narcotics, particularly heroin. On closer inspection, the block consisted of 9 individual blocks of roughly the same size and one smaller block. All contained a

compressed off white substance weighing over 1 kilogram. Based on their training and experience, Officers believed the substance within the blocks was heroin. Officers subsequently conducted a field test of the substance and it came back positive for the presence of heroin.

6. Shortly after the seizure, at approximately 10:13 pm, nine officers approached the front and back of 632 Norwest Lane, Apt# 632 Norwood, MA, which I know to be the residence of Mercedes CABRAL. The officers in front knocked and announced the presence of police and instructed the occupants to open the door. No one answered. Officers in front began to ram the door in an attempt to gain entry to secure the premises. Officers in back observed two males approach the rear sliding glass door, make eye contact with the officers, and retreat back into the apartment. At some point, a shot was fired through the front door of the premises. Officers took cover and communicated the situation to the officers in back. Officers then gained entrance to the premises through the sliding glass door, conducted a security sweep, located two men within the apartment, and arrested and removed them from the premises. The first man identified himself as Oristel SOTO-PEGUERO, although he had no identification documents on him. A record check shows SOTO-PEGUERO has a Massachusetts driver's license that contains a photo of the person we arrested. SOTO-PEGUERO has a long criminal record. The other male identified himself as Luis GUZMAN. During the security sweep, officers observed in plain view two large brick shaped objects believed to be kilograms of heroin, one in each bedroom. An officer moved one of the bricks and observed a firearm beneath it.

7. The apartment was frozen and, today, on July 7, 2015, I obtained a warrant to search the apartment for evidence of heroin trafficking. The search warrant was executed later in the

day. The premises is a two bedroom apartment. According to the officers at the scene, they have found one kilogram of heroin in each of the two bedrooms and a firearm in one of the bedrooms. In addition, they found approximately another half kilogram of heroin, two hydraulic presses used to package heroin for sale, 17 rounds of ammunition, cash, and indicia of residence for Mercedes CABRAL.

8. Based on the foregoing, I submit there is probable cause to believe that SOTO-PEGUERO and GUZMAN possessed more than a kilogram of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

Carl Rideout
Special Agent
Drug Enforcement Administration

Sworn to before me this 7TH day of July, 2015

Honorable M. Page Kelley
United States Magistrate Judge
District of Massachusetts