IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA  )
                          )
         v.               )     CRIMINAL NO. 1:15-CR-10182-RWZ
                          )
ORISTEL SOTO-PEGUERO      )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPEAL OF DETENTION ORDER**

The defendant is charged in an indictment with possessing with intent to distribute heroin on July 6, 2015. 21 U.S.C. § 841(a)(1) and (b)(1)(C).  He was arrested that day. The Court subsequently held a detention hearing and heard evidence, including the testimony of Special Agent Carl Rideout of the Drug Enforcement Administration (DEA).  On August 6, 2015, the Court issued an Order allowing the government's motion for detention.

On December 4, 2015, the defendant filed an appeal of the detention order and motion for release on conditions pursuant to 18 U.S.C. § 3145(b).  The defendant submits that the Pre-Trial Services report provides accurate information about him, and that he is a U.S. citizen with family residing in Boston.  He submits that he has "significant roots in the community, family ties, and should be considered a good candidate for release on conditions."  He suggests he be released on conditions including a $100,000 unsecured bond, posting $5,000, residing with his mother, and electronic monitoring.

1

The government submits the defendant's appeal and motion should be denied. 18 U.S.C. § 3145(b) provides that a person may file a motion with the district court judge for revocation or amendment of the detention order, which shall be determined promptly.  A district judge engages in de novo review of the contested order. *United States v. Marquez*, 113 F.Supp.2d 125, 127 (D.Mass. 2000).

Subject to rebuttal, where there is probable cause to believe the defendant committed a drug offense punishable by more than 10 years' imprisonment, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of the community. 18 U.S.C. § 3142(e)(3)(A). A grand jury indictment is sufficient to establish probable cause for purposes of triggering the rebuttable presumptions in section 3142(e). *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir. 1986).

At the detention hearing, the Magistrate Judge heard testimony from two agents regarding the circumstances of the defendant's arrest on July 6, 2015.  The defendant's girlfriend and co-defendant, Maria Cabral, was arrested with a kilogram of heroin after she drove from the defendant's apartment in Norwood to Taunton.  Agents then attempted to secure the apartment before getting a warrant to search it.  As agents attempted to ram the door, someone fired at them from inside the house.  Thereafter, agents entered, arrested the defendant and co-defendant Luis Guzman, and later seized from the

apartment, among other things, a loaded firearm, two kilograms of heroin, drug presses, and packaging material. After his arrest, the defendant's hands were "bagged" so that investigators could later test his hands for gunshot residue. At the jail, the defendant was seen on video camera attempting to wash his bagged hands in a toilet.

The Magistrate Judge noted that the defendant is 22 years old, has never been employed, and takes frequent trips to the Dominican Republic to see his father. He also has serious mental health issues and has attempted suicide in the past. He was convicted in 2012 for illegally possessing a firearm, and was on default from a state case charging him with possessing with intent to distribute marijuana.

The Magistrate Judge found by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that he poses a risk of flight such that no condition or combination of conditions can reasonably assure his appearance as required.[1] Among other things, the court noted the strength of the evidence, the high potential sentence, and the compelling evidence that the defendant shot at police officers through the door of his apartment. Accordingly, the Magistrate Judge ordered the defendant detained pending trial.

In his motion, the defendant does not challenge the Magistrate

---

[1] The defendant suggests that the Magistrate Judge did not consider the safety of the community and that this justification is not implicated in this case. Both assertions are directly contrary to the record.

3

Judge's findings, or offer competing evidence, or present any new circumstances for review. *See, United States v. Phillips*, 732 F. Supp. 255, 259 (D. Mass. 1990)(Keeton, J.)(pursuant to 3145(b), the district judge makes an independent review of the evidence, but need not conduct a *de novo* detention hearing). Because his motion fails to raise any factual issues, the government submits the Court can decide the motion on the present record without an additional hearing.

In light of the facts presented at the hearing and found by the Magistrate Judge, the government submits the evidence warrants detention.  The defendant possessed within his apartment two kilograms of heroin, equipment to support a trafficking operation, and a loaded firearm to protect that operation.  When confronted by officers, his initial reaction was to grab the firearm and shoot at the officers.  He has a prior firearm conviction and was in default on a state drug case.  He has significant family ties to the Dominican Republic, and has traveled there frequently.  The case against him is strong, and he faces a substantial sentence if convicted.  The Magistrate Judge was unquestionably correct when she concluded that there are no conditions which would adequately assure the safety of the community or his appearance.

Accordingly, the defendant's motion should be denied and he should be detained pending trial.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

By:

                              */s/ Theodore B. Heinrich*
                              THEODORE B. HEINRICH
                              Asst. U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

December 4, 2015                */s/ Theodore B. Heinrich*
                              THEODORE B. HEINRICH
                              Assistant U.S. Attorney