# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No. 15-CR-10182-RWZ(s) |
| v. | ) VIOLATIONS: |
| 1. MERCEDES J. CABRAL; | ) 21 U.S.C. § 841(a)(1) |
| 2. ORISTEL SOTO-PEGUERO; and | ) (Possession of Heroin with Intent to Distribute) |
| 3. LUIS F. GUZMAN-ORTIZ, | ) 21 U.S.C. § 846 |
| Defendants. | ) (Conspiracy to Distribute Heroin) |
| | ) 18 U.S.C. § 922(g) |
| | ) (Illegal Possession of a Firearm) |
| | ) 18 U.S.C. § 924(c) |
| | ) (Use of a Firearm During and in Relation to a Drug Offense) |
| | ) 21 U.S.C. § 853 |
| | ) (Drug Forfeiture Allegation) |
| | ) 18 U.S.C. § 924(d)(1), |
| | ) 28 U.S.C. § 2461(c) |
| | ) (Firearm Forfeiture Allegation) |

## FIRST SUPERSEDING INDICTMENT

**COUNT ONE:** (21 U.S.C. § 841(a)(1) – Possession of Heroin with Intent to Distribute)

The Grand Jury charges that:

On or about July 6, 2015, at Raynham, and elsewhere in the District of Massachusetts,

    **1. MERCEDES J. CABRAL,**

defendant herein, did knowingly and intentionally possess a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**COUNT TWO:**       (21 U.S.C. § 841(a)(1) – Possession of Heroin with Intent to Distribute)

The Grand Jury further charges that:

On or about July 6, 2015, at Raynham, Norwood, and elsewhere in the District of Massachusetts,

    **2.**       **ORISTEL SOTO-PEGUERO,**

defendant herein, did knowingly and intentionally possess 100 grams and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

**COUNT THREE:** (21 U.S.C. § 841(a)(1) – Possession of Heroin with Intent to Distribute)

The Grand Jury further charges that:

On or about July 6, 2015, at Norwood, and elsewhere in the District of Massachusetts,

2. **ORISTEL SOTO-PEGUERO,**

defendant herein, did knowingly and intentionally possess 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

**COUNT FOUR:**     (21 U.S.C. § 841(a)(1) – Possession of Heroin with Intent to Distribute)

The Grand Jury further charges that:

On or about July 6, 2015, at Norwood, and elsewhere in the District of Massachusetts,

    **3.**     **LUIS F. GUZMAN-ORTIZ,**

defendant herein, did knowingly and intentionally possess a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**COUNT FIVE:**     (21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute Heroin)

The Grand Jury further charges that:

From in or about March of 2015, until on or about July 6, 2015, in the District of Massachusetts and elsewhere,

    1.    **MERCEDES J. CABRAL; and**
    2.    **ORISTEL SOTO-PEGUERO,**

defendants herein, did knowingly and intentionally conspire, confederate, and agree together to distribute, and possess with the intent to distribute, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

It is further alleged that the offense charged in Count Five involved: 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(i) is applicable to this Count.

It is further alleged that, with respect to Count Five, 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, is attributable to, and was reasonably foreseeable by:

    2.    ORISTEL SOTO-PEGUERO

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(i) is applicable to defendant (2) ORISTEL SOTO-PEGUERO.

All in violation of Title 21, United States Code, Section 846.

**COUNT SIX:**     (21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute Heroin)

The Grand Jury further charges that:

On or about July 6, 2015, in the District of Massachusetts and elsewhere,

    2.    **ORISTEL SOTO-PEGUERO; and**
    3.    **LUIS F. GUZMAN-ORTIZ,**

defendants herein, did knowingly and intentionally conspire, confederate, and agree together to distribute, and possess with the intent to distribute, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

It is further alleged that the offense charged in Count Six involved: 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(i) is applicable to this Count.

It is further alleged that, with respect to Count Six, 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, is attributable to, and was reasonably foreseeable by:

    2.   ORISTEL SOTO-PEGUERO

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(i) is applicable to defendant (2) ORISTEL SOTO-PEGUERO.

All in violation of Title 21, United States Code, Section 846.

**COUNT SEVEN:**     (18 U.S.C. § 922(g)(1) – Illegal Possession of a Firearm)

The Grand Jury further charges that:

On or about July 6, 2015, at Norwood, and elsewhere in the District of Massachusetts,

**2.     ORISTEL SOTO-PEGUERO,**

defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a .25 caliber Colt semi-automatic pistol bearing serial number 0D89203, said firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT EIGHT:**  (18 U.S.C. § 924(c) – Use of a Firearm During and in Relation to a Drug Offense)

The Grand Jury further charges that:

On or about July 6, 2015, at Norwood, and elsewhere in the District of Massachusetts,

    **2.**  **ORISTEL SOTO-PEGUERO,**

did knowingly discharge, carry, and use a firearm, that is, a .25 caliber Colt semi-automatic pistol bearing serial number 0D89203, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the offense described in Counts Three and Six of this First Superseding Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

## DRUG FORFEITURE ALLEGATION: (21 U.S.C. § 853)

The Grand Jury further charges that:

1. Upon conviction of one or more of the offenses alleged in Counts One through Six of this Indictment,

>    1. MERCEDES J. CABRAL;
>    2. ORISTEL SOTO-PEGUERO; and
>    3. LUIS F. GUZMAN-ORTIZ,

defendants herein, shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendant -

>    (a) cannot be located upon the exercise of due diligence;
>
>    (b) has been transferred or sold to, or deposited with, a third party;
>
>    (c) has been placed beyond the jurisdiction of the Court;
>
>    (d) has been substantially diminished in value; or
>
>    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of property described in paragraph 1.

All pursuant to Title 21, United States Code, Section 853.

**FIREARM FORFEITURE ALLEGATION: (18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c))**

The Grand Jury further charges that:

1. Upon conviction of one or more of the offenses alleged in Counts Seven and Eight of this Indictment,

   2. **ORISTEL SOTO-PEGUERO,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense, including but not limited to the following: a .25 caliber Colt semi-automatic pistol bearing serial number 0D89203.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant -

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson of the Grand Jury

_____
Theodore B. Heinrich
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS                March 23, 2016

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk