IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:15-CR-10182-RWZ |
| | ) | |
| ORISTEL SOTO-PEGUERO ET. AL. | ) | |

**RESPONSE TO MOTION FOR DISCOVERY**

The government hereby submits the following response to the defendant's motion for discovery. The defendant requested and the government produced the grand jury minutes from the presentation of this case, because, among other reasons, they contained Jencks Act material of anticipated witnesses. The government redacted certain materials from the July 14, 2015 grand jury testimony of a single witness, Drug Enforcement Administration (DEA) Special Agent (SA) Carl Rideout, who also testified on other days. The redacted material, pages 5-11 and 37-43, revealed the identity of an informant who provided information about, and made controlled purchases of heroin from, Eddyberto Mejia-Ramos in late 2014. In 2015, the government sought and obtained court authority to intercept Mr. Mejia-Ramos's communications. In March of 2015, the government began intercepting Mr. Mejia-Ramos's communications with the defendant, which led on July 6, 2015 to the arrest of the defendant and the seizure of over three kilograms of heroin and a firearm.

The defendant has moved the Court to order the government to disclose the redacted material. (Upon review, the government has agreed to provide pages 38-43, as those pages did not discuss the informant, although they are not germane to the issues in this case). The defendant argues that even though the material concern an informant who will not testify at trial

and events that will not be the subject of the agent's direct testimony, the "overall investigation is relevant to the defense at trial." He argues that SA Rideout's grand jury "testimony concerning the use of informants and targeting of suspects is a matter of significance" and "would contribute to the 'search for the truth.'"

The government objects as the materials would compromise the identity of the informant and have no relevance to the trial issues. This case involves the intercepted communications between the defendant and Mr. Mejia-Ramos from March to July of 2015 and, more particularly, the events of July 6, 2015, when agents arrested the defendant and recovered heroin and a firearm from his apartment after he fired a gun at them. The informant information and the controlled buys occurred in 2014, they did not involve the defendant, and they are irrelevant to any trial issue. Moreover, the affidavits by SA Rideout in support of the interception orders have been disclosed and contain a sanitized description of the informant information and controlled buys. There is no need for additional disclosure on this matter, especially because the defendant is unable to cite a single reason why the material is relevant.

Accordingly, the Court should deny the defendant's motion for disclosure of grand jury minutes.

          Respectfully submitted,

          ANDREW E. LELLING
          United States Attorney

By:

          */s/ Theodore B. Heinrich*
          THEODORE B. HEINRICH
          Asst. U.S. Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

|  |  |
|---|---|
| January 3, 2018 | _/s/ Theodore B. Heinrich_<br>THEODORE B. HEINRICH<br>Assistant U.S. Attorney |