UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ORISTEL SOTO-PEGUERO, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal Action No. 1:15-cr-10182-IT |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

June 30, 2025

TALWANI, D.J.

Pending before the court is Petitioner Oristel Soto-Peguero's Motion to Vacate and Set Aside Judgment [Doc. No. 317] pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. For the reasons specified herein, Petitioner's Motion to Vacate [Doc. No. 317] is DENIED.

**I.  Background**

Petitioner was charged in a Superseding Indictment [Doc. No. 82] with drug- and gun-related charges.

On December 12, 2016, Petitioner, through counsel, filed a motion to suppress, among other things, evidence seized from searches of Petitioner's residence. See Mot. to Suppress [Doc. No. 118]. The court held an evidentiary hearing on the motion on January 19 and 20, 2017.[1] On May 9, 2017, after post-hearing briefs were filed, the court denied the motion. See Mem. & Order [Doc. No. 159].

---

[1] Based on the docket, Petitioner attended the second day of the hearing. See Elec. Clerk's Notes [Doc. No. 131].

Following a jury trial, Petitioner was convicted of possession with intent to distribute 100 grams of heroin (Count Two); possession with intent to distribute one kilogram of heroin (Count Three); conspiring to distribute and possess heroin (Count Five); and using a firearm during and in relation to a drug offense (Count Eight). See Jury Verdict [Doc. No. 217].[2]

At sentencing, Petitioner faced a statutory mandatory minimum sentence of 240 months (10 years on the drug counts and 10 years thereafter on the firearm count). Petitioner's guideline sentence based on a total offense level of 34 and criminal history category of IV was 210 to 262 months before adding the mandatory 120-month consecutive sentence. The court imposed a custodial sentence of 264 months, comprised of a concurrent term of 60 months on Count 2 and 120 months on Counts 3 and 5, and a consecutive term of 144 months on Count 8. Am. Judgment 2 [Doc. No. 272]. The court stated that the sentence was "driven by mandatory minima of 10 years on each of counts 3, 5 and 8 with the sentence on count 8 to be served consecutively to those on counts 3 and 5." Am. Statement of Reasons 1 [Doc. No. 273].[3]

Petitioner appealed the denial of his motion suppress and his sentence. The First Circuit denied his appeal on October 19, 2020. See United States v. Soto-Peguero, 978 F.3d 13 (1st Cir. 2020). The United States Supreme Court subsequently denied Petitioner's petition for certiorari. See Soto-Peguero v. United States, 141 S. Ct. 1430 (Feb. 22, 2021).

II.     **The Pending Motion to Vacate**

On January 24, 2022, Petitioner filed the pending Motion to Vacate, claiming ineffective assistance of counsel by Attorneys Roberto Braceras, who represented Petitioner from July 27,

---

[2] Petitioner was acquitted of one count of conspiracy to distribute and possess with intent to distribute (Count Six). See id.

[3] The court also imposed five years of supervised release and a $400 special assessment.

2016, to June 19, 2017, and David Grimaldi, who represented Petitioner from June 19, 2017, through trial and sentencing.[4] After the case was reassigned to this session, the court ordered the government to file an Answer. See Elec. Order [Doc. No. 320]. The government subsequently moved for orders waiving the attorney-client privilege between Petitioner and Attorneys Braceras and Grimaldi and unsealing a portion of the voir dire transcript; the court granted the former in full and the latter in part. See Order [Doc. No. 328]; Order [Doc. No. 333]. After the government filed its Opposition [Doc. No. 341] to the Motion to Vacate, Petitioner sought multiple extensions of time to file a reply. After granting several of these extensions, the court denied Petitioner's further request for extension of time. See Mem. & Order 2 [Doc. No. 366].[5]

III.    **Standard of Review**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct the sentence imposed. Relief may be granted on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," and (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). In seeking to collaterally attack a conviction, the burden is on the petitioner to show entitlement to relief, David v. United States, 134 F.3d 470, 474 (1st Cir. 1998), including any entitlement to an

---

[4] Prior to the appointment of Attorney Braceras, Petitioner was represented in this matter by Jessica Diane Hedges (appointed by the court), William Keefe (retained), Lenore Glaser (appointed by the court, withdrew based on a conflict of interest due to her representation of a defendant in another matter); and Joseph M. Griffin, Jr. (appointed, moved to withdraw, citing an "irretrievable breakdown in the attorney-client relationship."). See Mot. to Withdraw [Doc. No. 98].

[5] The court stated, however, that upon entry of an order on Petitioner's motion, the court would allow the parties one month to file any motion for reconsideration asserting a legal or factual error.

3

evidentiary hearing, Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001). A "§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" U.S. v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

A motion that is filed *pro se* must be construed more leniently than one drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the motion must nevertheless comply with the procedural and substantive requirements of the law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

## IV.   Discussion

Petitioner argues that he is entitled to relief under 28 U.S.C. § 2255 due to ineffective assistance of counsel by Attorneys Braceras and Grimaldi. "When evaluating a Sixth Amendment claim of ineffective assistance of counsel brought under 28 U.S.C. § 2255, [courts] conduct a two-pronged inquiry, asking whether (1) counsel provided objectively deficient representation (the performance prong), and, if so, (2) is there 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' (the prejudice prong)?" Torres-Estrada v. United States, 122 F.4th 483, 494 (1st Cir. 2024) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). "The petitioner bears a heavy burden on each prong." Torres-Estrada, 122 F.4th at 494 (quoting Casey v. United States, 100 F.4th 34, 42 (1st Cir. 2024)). Attorney performance is deficient "[o]nly when counsel's strategy was 'so patently unreasonable that no competent attorney would have made it.'" Torres-Estrada, 122 F.4th at 494 (quoting Watson v. United States, 37 F.4th 22, 28 (1st Cir. 2022)).

The court considers Petitioners' allegations concerning each attorney in turn.

4

### A. Claims Against Attorney Braceras

1. Petitioner's Assertions and Attorney Braceras's Response

Petitioner argues that Attorney Braceras provided ineffective assistance of counsel by allegedly advising him to wait to accept a 10-year plea offer until the court ruled on Petitioner's motion to suppress and telling him that the 10-year plea deal would still be available even if the court denied the motion to suppress. See Mot. to Vacate 3 [Doc. No. 317]. More specifically, Petitioner states that, on January 20 or 31, 2017, during a brief meeting at the courthouse, Attorney Braceras "informed Petitioner that there was a 10-year plea deal on the table." See id.[6] Petitioner states that he "verbally agreed to accept the plea" and that Attorney Braceras advised him to "'hold-off,' due to the pending Motion to Suppress." Id. Petitioner reports further that "Mr. Braceras stated that even if the Motion was denied or Petitioner withdrew the Motion, the 10-year plea deal would still be there." Id.

Petitioner further argues that Attorney Braceras provided ineffective assistance by waiting until after he returned from vacation to contact the Assistant United States Attorney ("AUSA") concerning Petitioner's intention to accept a 13-to-15-year plea offer. See Id. at 3–4. Petitioner states that approximately one week after the denial of the motion to suppress, he asked Attorney Braceras about the 10-year plea offer, and Attorney Braceras stated that the 10-year plea deal was no longer on the table and that the new plea offer was for 13 to 15 years. See id. at 3. Petitioner states that around June 2017, Attorney Braceras sent him a letter stating that "the plea deal of 13 to 15 years was still on the table." Id. Petitioner states that he told Attorney Braceras "that he would take the plea deal immediately, to avoid losing it like what happen[ed]

---

[6] There were no court hearings in this matter on January 31, 2017.

to the 10-year plea deal." Id. Petitioner states that Attorney Braceras stated that he would be going on vacation and would contact the AUSA to secure the deal on his return. Id. Petitioner states that approximately two weeks later, Attorney Braceras told him that "due to the elections and a new Attorney General," the plea offer of 13 to 15 years was no longer available. See id. at 3–4.

In his declaration (provided seven years after the events at issue), Attorney Braceras states that he has no specific recollection of any conversation with Petitioner but that his recollection is that he and his team of attorneys from Goodwin Procter negotiated a plea early in their representation, before the motion to suppress was decided. Becerra Decl. [Doc. No. 341-2]. Attorney Braceras further states that Petitioner was intransigent and uncooperative throughout the proceedings and that Petitioner refused to accept the plea, see id. ¶ 6, that it was Attorney Braceras's "ironclad practice (and ethical obligation) to respect and honor the decisions of each client[,]" and that if Petitioner had wanted to accept a plea, Attorney Braceras would have supported him in doing so. Id. ¶ 8. Finally, Attorney Braceras states that he reviewed his calendar from the period and found no vacation even remotely matching the period alleged by Petitioner. Id. ¶ 9.

2. Discussion

The court finds that many of Petitioner's allegations are contracted by the record or are inherently incredible and that, in any event, Petitioner is entitled to no relief even if his allegations are accepted as true.

a. The Ten-Year Plea Offer

As a preliminary matter, the court notes that Petitioner has not explicitly stated in the Motion to Vacate when he tried to accept the government's ten-year plea offer, see Motion to

6

Vacate 3 [Doc. No. 317] (stating that Petitioner "verbally agreed to accept the [10-year] plea" without stating when he did so). In a 2017 letter to the court, Petitioner stated that when Attorney Braceras "presented to [him] that the government was willing to allow [him] to plea to 120 months, if [he] withdrew [his] motion," Petitioner "was confused, due to the fact that [he] cannot read or write and [doesn't] fully understand the legal process." See June 2017 Letter Requesting New Attorney [Doc. No. 164]. Petitioner explained further that he received a letter from Attorney Braceras in March 2017 "alluding to the possibility of a plea where the government would dismiss count 8 of the indictment and the government would ask for 180 months and we the defense would argue for 144 months," and that "after thinking about the difference between 10, 12 and 15 years, [he] realized that 10 years being the lowest of the possible numbers being tossed around [he] told [his] attorney [he] would take the deal." Id. (Emphasis added). The statement in Petitioner's letter that he was weighing 10, 12, and 15 year offers undermines any suggestion that the Motion to Vacate should be understood as asserting that he told Attorney Braceras he wanted to accept the 10-year plea offer when Attorney Braceras presented him with the offer at the courthouse in January. Accordingly, where Petitioner's Motion to Vacate does not state when Petitioner purportedly tried to accept the 10-year plea deal, the court understands his claim to be that he told Attorney Braceras to accept a ten-year deal after the government had made a new offer of 15 years (and when the original 10 year offer therefore was no longer on the table).

The court finds further any claim that Attorney Braceras told Petitioner to "'hold-off' [accepting the ten-year plea deal] due to the pending Motion to Suppress," see id., implausible. First, as Petitioner previously reported to the court, Attorney Braceras told him at the motion hearing (which was in January) that the ten-year offer was made "if [he] withdrew his motion."

7

See Letter Requesting New Att'y [Doc. No. 164] (emphasis added). In other words, Attorney Braceras made clear to Petitioner that the ten-year offer was contingent on withdrawing his motion. Moreover, Petitioner's claim that Attorney Braceras told Petitioner that the ten-year offer would be there "even if the motion was denied" makes no sense, where Petitioner was facing mandatory consecutive ten-year sentences if the motion was denied. Mot. to Vacate 3 [Doc. No. 317]. And when Attorney Braceras told Petitioner in March about the government's 15-year offer, there was no 10-year offer on the table for Petitioner to accept, and it again would have been nonsensical for Attorney Braceras to tell him that the ten-year offer would be back on the table if Petitioner lost the pending motion (Petitioner may have been confused about his counsel's advice, for when Petitioner was insisting on a ten-year deal that was no longer on the table, Attorney Braceras may well have told him that the ten-year deal might be back on the table if the pending motion was successful, such that the mandatory consecutive ten-year sentence would be eliminated). See Mot. to Vacate 4 [Doc. No. 317].

Even if Petitioner's Motion can be plausibly read to claim that Attorney Braceras advised Petitioner to reject the ten-year plea, Petitioner's ineffective assistance claim fails.

First, Attorney Braceras's advice would fall "within the 'wide range of professionally competent assistance'" such that it did not constitute ineffective assistance of counsel. Buck v. Davis, 580 U.S. 100, 118 (2017). The then-pending motion sought to suppress the significant quantity of heroin underlying the charges for possession with intent to distribute and to exclude a firearm related to the charge for use of a firearm during and in relation to a drug offense. See Mem. & Order 1 [Doc. No. 159]. The motion therefore had substantial implications for Petitioner's potential sentence, where the quantity of drugs and the firearm were driving consecutive minimum mandatory sentences. The motion presented substantial arguments for the

8

exclusion of evidence as demonstrated by the court's rejection of the government's claim that the search was a protective sweep. See Mem. & Order 19 [Doc. No. 159] ("even accepting the government's version of events [that a block of heroin was sticking out of a floor vent] as true, manipulating an object in a vent and opening a bag goes beyond the scope of a protective sweep."). Although the court ultimately denied the suppression of the drug and gun evidence found in Petitioner's home under the inevitable discovery doctrine, the putative advice to wait on that decision would not constitute ineffective assistance of counsel.

      b.   The Fifteen-Year Plea Offer

Petitioner's further claim— that Petitioner ultimately told Attorney Braceras to accept the 15-year offer but that the offer was withdrawn after Attorney Braceras waited several weeks to inform the government of Petitioner's decision to accept it—is contrary to the record. See Mot. to Vacate 4–6 [Doc. No. 317]. In his June 19, 2017 letter, Petitioner reported that Attorney Braceras told him by letter of a possible 180-month plea deal in March. See Letter Requesting New Att'y 1 [Doc. No. 164]. Petitioner stated further that in his conversation with his attorney after the motion to suppress was denied, he asked about the 120 months mentioned at the court hearing and was told that the 120-month deal was no longer an option, because he did not withdraw his motion. Id. In that June letter, Petitioner does not assert that he sought to accept the 180-month offer or that Attorney Braceras failed to convey Petitioner's acceptance of the offer. See id. Consistent with the record that Petitioner was not interested in a 15-year deal is Attorney Grimaldi's email stating that, even as of February 15, 2018, Petitioner was unwilling to accept any plea of 15 years. See Feb. 7 to Mar. 19, 2018 Email Thread [Doc. No. 341-3]

Petitioner's claim that Attorney Braceras provided ineffective assistance by purportedly waiting several weeks to inform the government of Petitioner's decision to accept a 13-to-15-

9

year plea offer—at which time the 15-year offer was allegedly withdrawn due to an election, see Mot. to Vacate 3 [Doc. No. 317]—is also inherently incredible, where there was no change of the Attorney General or federal election around June 2017. But even crediting Petitioner's account, his allegation that, in just a two-week period while Attorney Braceras went on vacation—a fact Attorney Braceras denies—, the government offered but then withdrew its 15-year plea deal defeats Petitioner's showing of prejudice under the second Strickland prong. See Mot. to Vacate 3 [Doc. No. 317]. In the context of plea negotiations, the Strickland prejudice prong requires defendants to prove that "the outcome of the plea process would have been different" with competent representation. Lafler v. Cooper, 566 U.S. 156, 163 (2012). Where a plea is offered but not accepted, a defendant must show, inter alia, that there is a reasonable probability that: (1) the defendant "would have accepted the plea"; and (2) "the prosecution would not have withdrawn it in light of intervening circumstances[.]" Id. at 164.

Based on Petitioner's own allegations, the government withdrew the plea offer in light of intervening circumstances—namely, circumstances related to the Attorney General or to an alleged election. Although Petitioner might argue that the government would not have withdrawn the plea offer had Attorney Braceras more quickly conveyed Petitioner's intention to accept, the petition offers no evidence to support that conclusion. The allegations in the petition simply leave this court without a basis to conclude that the government would not have withdrawn the plea offer had Petitioner timely accepted.

### B.    Claims Against Attorney Grimaldi

Petitioner argues that Attorney Grimaldi provided ineffective assistance of counsel by allegedly advising Petitioner not to take an alleged 15- or 17-year plea offer and to instead

10

proceed to trial and by declining to strike a police dispatcher from the jury. See Mot. to Vacate 4–6 [Doc. No. 317].

1. The Seventeen Year Plea Offer

Petitioner alleges that before the start of jury selection, Attorney Grimaldi told him of a 15-year plea offer from the government. See Mot. to Vacate 4 [Doc. No. 317]. Petitioner alleges that he told Attorney Grimaldi to accept the deal but that Attorney Grimaldi told him "today we are here to pick a jury, after that I will speak to the A.U.S.A." Id.

Petitioner's account that the government was offering a 15-year deal on the morning of trial is contrary to the record. In support of its opposition to Petitioner's motion to vacate, the government submitted emails between Attorney Grimaldi and an AUSA suggesting that, as of March 19, 2018, the government was unwilling to offer any plea of less than 20 years. See Feb. 7 to Mar. 19, 2018 Email Thread [Doc. No. 341-3]. At the March 26, 2018 final pretrial conference—held the same morning as the voir dire—Attorney Grimaldi stated in open court that Petitioner was willing to accept 15 years, see Mar. 26, 2018 Tr. 19:10-17 [Doc. No. 296], but no deal was struck.[7] Accordingly, any claim that the government started the day with a 15-year plea offer on the table contradicts the record.

Petitioner alleges that Attorney Grimaldi later informed him that a 15-year plea deal was no longer available and that the government was instead offering a 17-year plea deal. See Mot. to Vacate at 5–6 [Doc. No. 317]. Petitioner alleges that Attorney Grimaldi advised him to go to trial rather than take the deal because if he went to trial, Soto-Peguero would be looking at a sentence within the range of 20-22 years, rather than 17 years, "which is not much of a difference." Id. at

---

[7] Any such deal would have required the dismissal of Counts Three, Five, and Eight to avoid the stacking ten-year mandatory minimum sentences.

11

5. Petitioner further alleges that Attorney Grimaldi told him the Judge "is known as Santa Clause," meaning Petitioner would likely "be in the 20 to 22 year range." Id. at 5–6.

As to Petitioner's claim that Attorney Grimaldi was ineffective for allegedly advising Soto-Peguero not to take the alleged 17-year plea offer and to instead proceed to trial, see Mot. to Vacate 5–6 [Doc. No. 317], Petitioner fails to show that this alleged conduct constituted ineffective assistance. Petitioner alleges that Attorney Grimaldi informed him that he was likely to get a sentence between 20 and 22 years if convicted. Id. Petitioner eventually received a sentence of 22 years, making Attorney Grimaldi's advice prescient, not deficient. Therefore, Attorney Grimaldi's advice did not constitute ineffective assistance of counsel.

   2. Voir Dire

On March 26, 2018, the court conducted voir dire. See Elec. Clerk's Notes [Doc. No. 203]. Petitioner alleges that during voir dire, he wanted to exercise a strike against a juror who was a police dispatcher, due to the Count involving the discharge of a firearm at a law enforcement officer. Mot. to Vacate 4 [Doc. No. 317]. Attorney Grimaldi questioned the prospective juror as to whether he could be fair and objective and whether he might face repercussions for his colleagues if he participated in finding Petitioner not guilty. See Redacted Mar. 26, 2018 Tr. 39:1-44:3 [Doc. No. 333]. The prospective juror stated that he could be fair and impartial and that he would not be concerned about telling his colleagues or friends that he was on the trial even if he voted to acquit Petitioner. Id. at 43:12-18. Petitioner alleges that Attorney Grimaldi rejected his request to strike the juror because the juror was from a local island known for its gay population and that this fact could help Petitioner. Mot. to Vacate 4 [Doc. No. 317]. Petitioner alleges that Attorney Grimaldi told him if he lost at trial, Attorney Grimaldi would write an affidavit regarding the juror that Petitioner could use on appeal. Id. at 5.

Petitioner argues that Attorney Grimaldi was ineffective because he did not strike a police dispatcher from the jury, whether by asking the court to strike the juror for cause or by exercising a peremptory challenge. See Mot. to Vacate 4–5 [Doc. No. 317]. "[A] defendant is 'entitled to be tried by 12, not 9 or even 10, impartial and unprejudiced jurors.'" Thomas v. Lumpkin, 143 S. Ct. 4, 10 (2022) (Sotomayor, J., dissenting from the denial of certiorari) (quoting Parker v. Gladden, 385 U.S. 363, 366 (1966) (per curiam)). But in this case, Attorney Grimaldi questioned the prospective juror as to whether the prospective juror could be impartial and as to whether the prospective juror would have face social repercussions if the juror made a finding of not guilty, and the prospective juror clearly stated that he could be impartial. Accordingly, Petitioner cannot demonstrate any prejudice from Attorney Grimaldi's decision not to strike the police dispatcher from the jury. See Mello v. DiPaulo, 295 F.3d 137, 147 (1st Cir. 2002) (noting that while "the decision by defense counsel of an accused arsonist to permit the child of a firefighter to sit on the jury seems odd, [petitioner] fail[ed] to demonstrate any prejudice from the inclusion on the jury of a juror who swore that she could be fair and impartial").

V.    **Conclusion**

For the foregoing reasons, Petitioner's Motion to Vacate [Doc. No. 317] is DENIED.[8]

IT IS SO ORDERED.

June 30, 2025                                 /s/ Indira Talwani
                                              United States District Judge

---

[8] Any motion seeking reconsideration on the ground that the court's decision is based on a legal or factual error shall be filed no later than thirty days from the date of this Memorandum and Order.